UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESTER DYER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-256** |
| **APOLLO TRANSPORTATION SOLUTIONS, LLC, ET AL** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 41) filed by defendant, Skyline Express III, LLC d/b/a Apollo Express is **GRANTED**, and plaintiff's claims against it are **DISMISSED**;

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 46) filed by defendant, LOAD 1, LLC is **GRANTED**, and plaintiff's claims against it are **DISMISSED**;

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 56) filed by plaintiff is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Strike** (Rec. Doc. 60) filed by LOAD 1, LLC is **DENIED** as moot;

**IT IS FURTHER ORDERED** that the **pre-trial conference** in this matter, set for Thursday, April 14, 2022, and the **trial** of this matter, set for April 25, 2022, are hereby **CANCELLED**, to be re-set in a telephone status conference following resolution of the pending motion for leave to amend.

## BACKGROUND

Plaintiff alleges he suffered damages resulting from a collision with a tractor trailer on December 11, 2018. Plaintiff alleges that at the time of the collision, he was driving west in the left-most lane of Interstate 10 near its intersection with Interstate 610, while a commercial truck towing a trailer proceeded westbound in the right westbound lane. According to plaintiff, as the vehicles entered a curve, the truck swerved into his lane causing plaintiff to veer closer to the barricade on his left. Plaintiff further alleges that the trailer hit his vehicle multiple times, and that the truck did not stop, despite his attempts to flag the driver down. Plaintiff called 911 while following the truck, and the 911 operator directed him to report the incident to the nearest police station. Plaintiff went to the Third District police station to report the accident, and provided the license plate number of the trailer. The investigating officer ran the license and determined it belonged to Innovative Leasing, LLC.

Innovative Leasing, LLC owns and leases trailers to defendant, Skyline Express III, LLC d/b/a Apollo Express ("Apollo"). Apollo in turn sub-leases trailers to other entities, including LOAD 1, LLC ("LOAD 1").

Plaintiff filed suit for negligence in state court against Apollo,[1] which he alleged to be the owner of the vehicle, and John Doe, the unknown driver. Apollo filed a third-party claim against LOAD 1, and plaintiff amended his petition to add LOAD 1 as a defendant, alleging that LOAD 1 and Apollo were the parties responsible for plaintiff's damages and injuries. LOAD 1 removed the suit to this court based on diversity of citizenship.

---

[1] Plaintiff originally mis-named the defendant Apollo Transportation Solutions, LLC.

Apollo has filed the instant motion for summary judgment arguing that the trailer at issue was not within its custody or control at the time of the accident. LOAD 1 has filed a motion for summary judgment arguing that there were no LOAD 1 vehicles within the state of Louisiana on the date of the accident. Plaintiff has filed an opposition, in which he acknowledges that Apollo was not in custody or control of the trailer at the relevant time, but argues that LOAD 1 did have custody, control, and care of the trailer at the relevant time.

Plaintiff has also filed a motion for summary judgment, in which he again acknowledges that Apollo was not in possession or control of the truck and trailer at the time of the incident. He instead argues that on the date of the accident, Apollo had "dispatched possession to sub-leaser Load I LLC by way of Great Lakes Transportation LLC who controlled and cared for subject trailer" when the accident occurred. Rec. Doc. 56, 3. He further argues that Apollo "sub-leased to Load I. . . which was dispatched by Great Lakes Transportation LLC [which] is the leading indirect cause of injuries to plaintiff...." Id. at 3-4. Great Lakes Transportation LLC was not named as a defendant and is not before the court.[2] No evidence is attached to plaintiff's motion for summary judgment.

## DISCUSSION

### *Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact

---

[2] Plaintiff has filed a separate motion to amend in which he seeks to add Great Lakes Transportation, LLC as a defendant.

and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

***Negligence under Louisiana Law***

Federal courts sitting in diversity apply the substantive law of the forum state. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Under Louisiana law, to prevail on a claim for negligence, the

plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). Lemann v. Essen Lane Daiquiris, Inc., 923 So.2d 627, 633 (La. 2006) (citations omitted). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Id.

*Apollo's Motion for Summary Judgment*

In moving for summary judgment, Apollo contends that at the time of the accident, the trailer in question was not within its custody or control. In support of its motion it has provided the affidavit of Clay Chamberlin, Vice President of Operations at Apollo. According to Chamberlin, for periods in which Apollo controls a given trailer, its system records reflect the assignment of a truck number and driver to the trailer. Chamberlin testified that Apollo's records indicate that Apollo relinquished control of the trailer in question on November 29, 2018, when an Apollo driver transported it from New Haven, Indiana to Arthur, Illinois. Neither a number or driver was assigned from November 30, 2018, to January 3, 2019, demonstrating that the trailer was not in Apollo's control during that period. In his pleadings, plaintiff acknowledges that Apollo did not control the trailer at the time of the incident.

Because Apollo had no control of the trailer at the relevant time, it owed no duty to plaintiff and could not have been a cause-in-fact of plaintiff's injuries. Accordingly, Apollo is

entitled to summary judgment on the claims against it.

*LOAD 1's Motion for Summary Judgment*

It is undisputed that LOAD 1 provides commercial trucks for the transportation of goods and did not own the trailer at issue. LOAD 1 further argues that no credible, relevant evidence exists to establish that a LOAD 1 vehicle was involved in the alleged collision. In support of its motion it has submitted the affidavit of Jerry Schmalz, Director of Fleet and Safety for LOAD 1, as well as a "Historical Vehicle Proximity Listing" report. Schmalz avers that LOAD 1 utilizes software called Sylectus/SOLERA Omitracs that allows LOAD 1 to track its vehicles throughout the United States, and that the system was in use by LOAD 1 on December 11, 2018, the date of the alleged accident. Schmalz conducted a search utilizing the software for the period from December 11, 2018 to December 12, 2018, which generated the Historical Vehicle Proximity Listing report. The report reflects that no LOAD 1 vehicles were present within a 25-mile radius from 1 Palm Drive, New Orleans, during that time period. Schmalz further testified that his research indicated that there were no LOAD 1 trucks in the state of Louisiana on the date of the accident.

To prevail in a negligence claim against LOAD 1, plaintiff must demonstrate that LOAD 1 owed him some duty. LOAD 1 has pointed to the absence of evidence that any of its vehicles were in the vicinity of the incident at the time it occurred. Absent such evidence, plaintiff cannot establish any duty to him on the part of LOAD 1. Nor has plaintiff provided any countervailing evidence that would establish a material fact issue on this question. Accordingly, LOAD 1 is entitled to summary judgment dismissing plaintiff's claims against it.

*Plaintiff's Motion for Summary Judgment*

Plaintiff has moved for summary judgment, stating in a conclusory fashion that he has met all of the requirements to establish a negligence claim under Louisiana law. Plaintiff also argues that defendants "are refusing to submit any relevant . . . evidence" that they "were not negligent in causing the subject accident." Rec. Doc. 56, 4. However, conclusory statements do not establish entitlement to summary judgment. Rather, summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits . . . demonstrate that there is no genuine issue as to any material fact [and] that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Further, it is plaintiff's burden to prove that the elements of his claim do exist, not the defendant's burden to prove that they were not negligent. While the court construes pro se pleadings liberally, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Berry v. Wells Fargo Bank, N.A., 2022 WL 728969, at *2 (5th Cir. Mar. 10, 2022) (citations omitted).

In this case, both movants have come forward with evidence demonstrating that plaintiff cannot establish a duty on their part. Plaintiff has pointed to no countervailing evidence that would establish a fact issue as to the existence of a duty on the part of Apollo or LOAD 1, much less established that evidence exists suggesting that plaintiff is entitled to judgment as a matter of law on a negligence claim (or any element thereof). Accordingly, plaintiff's motion for summary judgment must be denied.

*LOAD 1's Motion to Strike*

LOAD 1 has filed a motion to strike plaintiff's opposition to defendants' summary judgment motions and plaintiff's motion for summary judgment. Considering the foregoing discussion, the motion is denied as moot.

## CONCLUSION

Therefore,

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 41) filed by defendant, Skyline Express III, LLC d/b/a Apollo Express is **GRANTED**, and plaintiff's claims against it are **DISMISSED**;

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 46) filed by defendant, LOAD 1, LLC is **GRANTED**, and plaintiff's claims against it are **DISMISSED**;

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 56) filed by plaintiff is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Strike** (Rec. Doc. 60) filed by LOAD 1, LLC is **DENIED** as moot;

**IT IS FURTHER ORDERED** that the **pre-trial conference** in this matter, set for Thursday, April 14, 2022, and the **trial** of this matter, set for April 25, 2022, are hereby

**CANCELLED**, to be re-set in a telephone status conference following resolution of the pending motion for leave to amend.

New Orleans, Louisiana, this __8th__ day of April, 2022.

                                      **MARY ANN VIAL LEMMON**
                                      **UNITED STATES DISTRICT JUDGE**