UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESTER DYER, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-256** |
| **APOLLO TRANSPORTATION SOLUTIONS, LLC, ET AL** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Amendment** (Rec. Doc. 57) is **DENIED**.

### BACKGROUND

In his second amended complaint filed on March 9, 2020, plaintiff alleged he suffered damages resulting from a hit and run collision with a tractor trailer on December 11, 2018. It was eventually determined from the license plate of the trailer that the trailer belonged to Innovative Leasing, LLC ("Innovative"). Innovative owns and leases trailers to defendant, Skyline Express III, LLC d/b/a Apollo Express ("Apollo"). Apollo in turn sub-leases trailers to other entities, including defendant LOAD 1, LLC ("LOAD 1"). The matter was set for trial, and under the scheduling order, amendments to pleadings were due June 23, 2021, discovery was required to be completed by February 4, 2022, and all pretrial motions must have been filed and served to permit submission by February 9, 2022.

In the instant motion, filed on March 16, 2022 – less than six weeks before the trial date in place at the time of the filing of the motion – plaintiff seeks to amend his complaint to

increase his demand from $24,000,000.00 to $100,000,000.00, and to add two new defendants, Innovative and Great Lakes Transportation LLC. Apollo and LOAD 1 oppose the motion.

## DISCUSSION

Under Federal Rule 15(a)(2), "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." The court has discretion on whether to grant or deny leave to amend. Union Planters Nat. Leasing, Inc. v. Woods, 687 F.2d 117, 121 (5th Cir. 1982). In deciding whether to grant leave to file an amended pleading under Rule 15(a), a district court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Id.

Plaintiff has not obtained the opposing parties' consent to amend. Further, the motion is untimely and is the result of undue delay. Plaintiff has amended his complaint twice, declining to add the proposed new parties as defendants, even though the identities of the parties plaintiff seeks to add have been known to him for many months. In addition, plaintiff's proposed amendment includes no specific allegations against them, stating only that he wishes to have them included as defendants. Because plaintiff has made no allegations against the proposed defendants, he would not survive a Rule 12 motion, and amendment is therefore futile.

With respect to his increased demand, plaintiff has also not included any allegations to justify it, simply stating that he seeks $100,000,000.00 for injuries, damages, and business economic losses. In addition to the fact that plaintiff has not claimed business economic losses,

his discovery responses reflect that he since 2012 he has worked at odd construction jobs making less than $7,500.00 a year, and he explicitly stated that had incurred no loss of wages due to the accident. There simply is nothing in the record, in the form of evidence or argument, to justify the increased demand. Thus, there is no basis to allow an amendment to increase plaintiff's demand.

Considering the foregoing, the court finds that justice does not require that leave to amend be granted. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Amendment** (Rec. Doc. 57) is **DENIED**.

New Orleans, Louisiana, this 29th day of April, 2022.

_____<br>
**MARY ANN VIAL LEMMON**<br>
**UNITED STATES DISTRICT JUDGE**